MAGNUSON, District Judge,
dissenting.
When unsecured creditor eCAST and the bankruptcy Trustee objected to the confirmation of Washburn’s proposed Chapter 13 plan in this case, section 1325(b) prohibited the bankruptcy court from confirming that plan “unless, as of the effective date of the plan ... the plan provides that all of the debtor’s projected disposable income ... beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.” 11 U.S.C. § 1325(b)(2)(B). Because Wash-burn’s plan did not provide that all of his projected disposable income would go to pay unsecured creditors, I believe that the Bankruptcy Court’s decision affirming the plan should be reversed.
As the majority acknowledges, there is a split of authority as to the proper reading of the dense and confusingly written Bankruptcy Code with respect to the deduction at issue here. The majority contends that the so-called “plain language approach” requires the Court to define section 707(b)(2)(A)(ii)(I)’s “applicable monthly expense amounts” differently from that section’s “actual monthly expenses.” I agree with the Ninth Circuit Court of Appeals, however, that the “statutory language, plainly read” mandates a different result. In re Ransom, 577 F.3d 1026, 1030, 2009 WL 2477609, at * 4 (9th Cir.2009) (quoting In re Ransom, 380 B.R. 799, 806 n. 18 (9th Cir.BAP2007)). Using this approach,
a debtor [is not allowed] to deduct an “ownership cost” (as opposed to an “operating cost”) that the debtor does not have. An “ownership cost” is not an “expense” — either actual or applicable— if it does not exist, period. Ironic it would be indeed to diminish payments to unsecured creditors in this context on the basis of a fictitious expense not incurred by a debtor.

Id.

Only this approach comports with Congress’s intent in enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (“BAPCPA”), Pub.L. No. 109-8, 119 Stat. 23, 202-03. The reforms enacted were intended “to ensure that debtors repay creditors the maximum they can afford.” H.R. Rep. 109-31(1), at 1, reprinted in 2005 U.S.C.C.A.N. 88, 89; see also supra at 8-9 (citing In re Frederickson, 545 F.3d 652, 657-58 (8th Cir.2008)). Here, Washburn’s projected disposable income is $471 per month greater than his plan suggests it is. Over the life of the plan, his unsecured creditors will receive more than $28,000 less than they are entitled to receive. Allowing a debtor to avoid paying more than $28,000 to his unsecured creditors flies in the face of all Congress intended to accomplish with BAPCPA.
Accordingly, I dissent.